RUPER, APPELLEE, *v.* SMITH, APPELLANT.

(Nos. 46527 and 46723—Decided October 31, 1983.)

*Mr. John Ruper, pro se.*

*Mr. Robert J. Marek,* for appellant Agnes Smith.

DAY, P.J. In this consolidated appeal Agnes Smith (defendant) seeks to overturn the judgment of the trial court in favor of John Ruper (plaintiff) entered following a referral of the controversy to binding arbitration. For the reasons adduced below, the judgments are affirmed.

I

In his complaint, the plaintiff sought recovery on an oral contract. According to that contract, the plaintiff's real estate consulting services were provided in exchange for a fee. A pre-trial conference was held and the case was scheduled to be tried. Then, this entry journalized November 10, 1982, appears in the record:

"BINDING ARBITRATION

"All interrogatories and answers thereto have been filed. All motions have been ruled upon. The issues are joined and the case is ready for trial. *No further pleadings, motions, discovery or delays permitted.* Case referred to Arbitration. Arbitration hearing will be held and concluded within ninety (90) days.

"Arbitration hearings scheduled prior to Court trials should be given priority and in case of a conflict the court hearing adjourned at time set for the arbitration.

"If a continuance of a hearing is agreed to *by the Chairman* of the Arbitration Panel upon request of an attorney for a party, the party so requesting the continuance shall have the responsibility for notifying all affected persons.

*"Counsel have been advised of the contents of this entry."* (Emphasis *sic*.)

The words "binding arbitration" were typed in; the balance of the entry is a pre-printed form which is a verbatim rendition of the required entry of referral set out in Rule 29, Part III(A)(1) of the Cuyahoga County Court of Common Pleas (Local Rules). The entry was signed by both trial counsel and the judge.

The arbitrators found for the plaintiff in the amount of $7,000 and on January 28, 1983, judgment was entered accordingly. A "Motion for Relief From Judgment" was filed by the defendant on February 17, 1983. On February 24, 1983, the defendant filed a notice of appeal from

the January 28 judgment. On April 6, 1983, she filed her second notice of appeal. This appeal challenged a March 11, 1983 denial of the motion for relief.

Four errors are assigned. They will be considered out of order.

## II

### Assignment of Error No. 4

"The Trial Court Erred in Submitting the Case as Binding Arbitration to the Board of Arbitration when the rules of Arbitration Do Not Provide for Binding Arbitration."

The record indicates and the defendant admits that referral to "binding" arbitration was consensual. Prior decisions in this jurisdiction have consistently held consensual referral to be proper. And consent to binding arbitration is a valid waiver to the right of an appeal de novo in the trial court. *Fortelka* v. *Callback Corp.* (March 18, 1976), Cuyahoga App. No. 34554, unreported; *Collier* v. *Andre Duval Beauty Salon* (Dec. 7, 1978), Cuyahoga App. No. 37971, unreported; *Miner* v. *Sherwin Williams Co.* (Oct. 11, 1979), Cuyahoga App. No. 39434, unreported.

Assignment of Error No. 4 is without merit.

## III

The remaining assignments of error are interrelated. They are considered and disposed together.

### Assignment of Error No. 1

"The Trial Court Erred When It Entered Final Judgment Against The Appellant Where Exceptions To Report and Award of Arbitrators was Timely Filed per Rule 29 (Mandatory Arbitration) of the Rules of the Court of Common Pleas."

### Assignment of Error No. 2

"The Trial Court Erred in Not Forthwith Conducting a Hearing on the Appellant's Exceptions Filed Pursuant to Rule 29 of the Rules of the Court of Common Pleas."

### Assignment of Error No. 3

"The Trial Court Erred in Denying Appellant's Motion for Relief From Judgment where Exceptions Have Been Timely Filed Pursuant to Rule 29 of the Rules of the Court of Common Pleas."

Disposition of these assignments requires consideration of the defendant's motion for relief filed February 17, 1983. It provides in relevant part:

"MOTION FOR RELIEF
"FROM JUDGMENT
"(Oral Hearing Request)

"Now comes the defendant by and through counsel and moved [*sic*] this Court under the provisions of Civil Rule 60(B) to relieve her from final judgment for the following reasons:

"1. The Arbitrators misbehaved themselves in the conduct of the case. The Arbitrators rushed the hearing thereby denying the defendant the full opportunity to present her defense. See attached Affidavit in support.

"2. The Arbitrators did not follow the law as applicable to the facts of the case. Sections 32-2-2-1 (33-104) of the Indiana Statutes were relevant but not followed. (Copy attached).

"3. This matter was erroneously submitted to Arbitration as 'binding arbitration with no de novo appeal rights' notwithstanding the 'consent' of the parties. The arbitration rules do not provide for binding arbitration; therefore, any consent on the part of the parties to binding arbitration is legally ineffective. Otherwise, the appeal de novo rights provided for in Rule 29 of the Rules of Court of Common Pleas, Cuyahoga County, would be defeated.

"WHEREFORE, defendant prays that the judgment entered in this matter for plaintiff in the amount of $7,000.00 be declared null and void and that the case be scheduled for jury trial.

"Exceptions to Report and Award of Arbitrators is being filed simultaneously herewith.

"/s/ Robert J. Marek
"Robert J. Marek
"Attorney for Defendant
"30675 Solon Road
"Solon, Ohio 44139
"248-2313

"SERVICE

"A copy of the forgoing Motion was this 18 day of February, 1983, U.S. Mailed to Bruce Fedor, Attorney for Plaintiff, at 600 Terminal Tower, Cleveland, Ohio 44113.

"/s/ Robert J. Marek
"Robert J. Marek
"Attorney at Law"

The motion was supported by the defendant's affidavit giving the particulars of the alleged misconduct.

It is difficult to say precisely what this motion was meant to accomplish. Insofar as it sought an appeal de novo despite consent to binding arbitration, the motion was properly denied. If it was meant to be a bona fide Civ. R. 60(B) motion, it did not demonstrate a defense to the underlying action; nor did it specify the particular subsection under which relief was sought. *Adomeit* v. *Baltimore* (1974), 39 Ohio App. 2d 97, 102-103 [68 O.O.2d 251]; *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146, 150-151 [1 O.O.3d 86]. Moreover, Civ. R. 60(B) proceedings are not a substitute for appeal of an arbitration award whether the arbitration agreement is consensual or not. Therefore, the motion was properly denied.

The gist of the assignments of error, however, is that the motion was in fact the defendant's "exceptions" to the arbitrators' report. And the reasons given in paragraph one of the motion correspond to one of the bases upon which a party may take exception to a report. See Local Rule 29, Part VI(D). On this reading, however, assignment of error three becomes particularly puzzling because it implies that there were, in fact, two filings: a Civ. R. 60(B) motion and an exception to the report. The record, however, contains only the quoted motion for relief from judgment.

Assuming the motion was in fact an "exception" as permitted by the local rules, one might agree with the defendant's implicit argument that the waiver of appeal rights does not also mean a waiver of the right to take exception to the award on the ground of corruption or misconduct. But exceptions must be taken through established procedures. Local Rule 29, Part VI(D) provides in part:

"* * * *Copies of said exceptions shall be served upon each Arbitrator and the Arbitration Commissioner* within 48 hours after filing and shall be forthwith assigned for hearing before the Administrative Judge or a judge assigned by him to conduct a hearing thereon." (Emphasis added.)

The proof of service segment of the defendant's motion fails to indicate that the necessary service was made. Accordingly, the exceptions were not properly before the court. See Civ. Rule 5(D). Neither the failure of the court to hold a hearing on the motion nor the court's judgment constituted error.

Assignments of error one, two, and three are without merit.

## IV

The judgment is affirmed.

*Judgment affirmed.*

CORRIGAN and PRYATEL, JJ., concur.