**ENYART et al., Appellees and Cross–Appellants,**

v.

**COLUMBUS METROPOLITAN AREA COMMUNITY ACTION ORGANIZATION,
d.b.a. CMACAO, et al., Appellants and Cross–Appellees.**

[Cite as *Enyart v. Columbus Metro. Area Community
Action Org.* (1996), 115 Ohio App.3d 118.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE08–1033.

Decided March 29, 1996.

*Brenda Alleman,* for appellees and cross-appellants.

*Otto Beatty, Jr. & Associates* and *Otto Beatty, Jr.,* for appellants and cross-appellees.

---

*Per Curiam.*

The Columbus Metropolitan Area Community Action Organization, ("CMA-CAO"), has appealed from the decision and accompanying order of the Franklin County Court of Common Pleas which denied CMACAO's Civ.R. 60(B) motion, and vacated the court's prior consolidation of two cases involving the parties to the instant action. William Enyart and his wife have pursued a cross-appeal.

These appeals are two of several direct appeals to this court. The first case (case No. 93APE10–1423) was dismissed for failure to file a brief. In the second case, known as *"Enyart I"* (case No. 93APE12–1658), this court reversed the trial court and affirmed an arbitration award on the basis that the arbitrators' award was not properly appealed. See *Enyart v. Columbus Metro. Area Community Action Org.* (Sept. 6, 1994), Franklin App. No. 93APE12–1658, unreported, 1994 WL 485753 (*"Enyart I"*). This court ordered the trial court to enter judgment for appellant in the amount of $23,522.06 and conduct hearings on appellant's motions for attorney fees and sanctions, which had not been ruled upon by the trial court.

On June 6, 1995, the trial court entered judgment for Enyart, but immediately stayed that entry and proceeded to entertain a Civ.R. 60(B) motion filed by CMACAO. The trial court also granted CMACAO's motion to consolidate the case involving Enyart's complaint for retaliatory discharge, with a case filed by CMACAO alleging that Enyart fraudulently received benefits under the workers' compensation system, and fraudulently filed for unemployment, Aid to Dependent Children, and Medicare and Medicaid benefits. Enyart appealed the consolidation of these cases in *Columbus Metro. Community Action Org. v. Enyart* (July 13, 1995), Franklin App. No. 94APE12–1802, unreported, 1995 WL 422648 (*"Enyart II"*). This appeal was dismissed for lack of a final appealable order. CMACAO moved for a partial reconsideration of the decision in *Enyart II*. The motion was denied.

Two more appeals were filed by Enyart, both of which were dismissed for lack of a final appealable order. (See case Nos. 95APE06–767 and 95APE07–884.) The instant action involves an appeal brought by CMACAO. On appeal, CMA-CAO asserts the following assignments of error:

"Assignment of Error No. I

"The dicta by the appellant [*sic*] court should not be the law of the case (Enyart I) since it ruled on Enyart I when it was only required and permitted to rule on Enyart II.

"Assignment of Error No. II.

"The law of the case doctrine does not apply when there is an exception.

"A. The exception in Enyart I are the reasons in the rule 60(B) motion including fraud, fraud on the court, denial of due process and equal protection.

"Assignment of Error No. III

"The trial court erroneously denied appellant's rule 60(B) motion without a hearing."

As noted above, the Enyarts have filed a cross-appeal, setting forth three additional assignments of error:

"Assignment of Error No. 1

"The trial court abused its discretion and committed reversible error when after the arbitration panel's judgment in favor of the plaintiffs was affirmed by the court of appeals and the trial court's jurisdiction was limited to issues on remand it entertained and set for hearing defendants' motion ' . . . to determine if plaintiff has been fully compensated under O.R.C. 4123.90.'

"Assignment of Error No. 2

"The trial court committed reversible error when it entered an ex-parte stay on its final judgment order, dated June 5, 1995, as mandated by the court of appeals.

"Assignment of Error No. 3

"The trial court abused its discretion when it allowed defendants throughout the litigation of this case to continually engage in practices flagrantly in violation of local rules of practice and prejudicial to the plaintiffs, granted defendants' on more than one occasion ex-parte orders prejudicial to the plaintiffs, did not confine the matters before it to those issues on remand by the appellate court, and failed to reimburse the plaintiffs pursuant to Civ.R. 11 and O.R.C. 2323.51 for the reasonable attorney fees and costs they incurred as a result of defendants' frivolous conduct."

CMACAO's first and second assignments of error are interrelated and will, therefore, be addressed together. In its first assignment of error, CMACAO argues that the dicta set forth in *Enyart II* should not be the law of the case, insofar as it is CMACAO's contention that *Enyart II* improperly ruled on *Enyart I*. In *Enyart I*, this court found that the trial court erred in granting summary judgment for CMACAO, because the decision of the arbitration panel was never properly appealed to the trial court. Thus, unless a proper notice of appeal was filed, the trial court was precluded from considering a motion for summary judgment.

This court also found that the Enyarts were entitled to a hearing on their motions for attorney fees and sanctions, which were never ruled upon. This court reversed and remanded the case to the trial court for further proceedings consistent with our opinion, noting that the Enyarts were entitled to judgment in the amount of $23,522.06 pursuant to Loc.R. 103.14.[1] The trial court was also directed to conduct a hearing on the Enyarts' pending motions for attorney fees and costs.

The above constitutes the law of the case for *Enyart I.* The law of the case doctrine is defined as follows: " '[A] decision of a reviewing court in a case remains the law of that case on the legal questions involved *for all subsequent proceedings* in the case at both the trial and reviewing levels.' " (Emphasis added.) *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 160, 519 N.E.2d 390, 393 quoting *Nolan v. Nolan* (1984), 11 Ohio St.3d 1 at 3–4, 11 OBR 1 at 2–4, 462 N.E.2d 410 at 412. See, also, *State ex rel. Potain v. Mathews* (1979), 59 Ohio St.2d 29, 13 O.O.3d 17, 391 N.E.2d 343; and *Burton, Inc. v. Durkee* (1954), 162 Ohio St. 433, 436, 55 O.O. 247, 249, 123 N.E.2d 432, 434–435. Thus, for all subsequent proceedings, the decision of this court (the reviewing court) remains the law of the case for the trial court on remand. The simple fact is that the trial court did not abide by this court's instructions. Rather than enter judgment and conduct a hearing on Enyart's motions for attorney fees and sanctions, the trial court entertained CMACAO's Civ.R. 60(B) motion and motion to consolidate.

CMACAO's basic assertion is that this court's dicta in *Enyart II* influenced the trial court's subsequent handling of the *Enyart I* case. Apparently, the trial court heeded this court's discussion, for it denied the Civ.R. 60(B) motions that had been filed in *Enyart I* and vacated its prior judgment which had consolidated the cases that were at issue in *Enyart II.* However, this court finds that CMACAO has not been prejudiced by the actions of the trial court. Had the trial court followed this court's mandate in *Enyart I,* it would not have granted CMACAO's Civ.R. 60(B) motion or CMACAO's motion to consolidate in the first place. CMACAO's first assignment of error is overruled.

In its second assignment of error, CMACAO argues that the law-of-the-case doctrine should not control when grounds such as fraud, fraud on the court, denial of due process and equal protection are asserted. As noted by CMACAO, there are exceptions to the law-of-the-case doctrine. See *Hawley, supra.* In *Nolan, supra,* at 3, 11 OBR at 3, 462 N.E.2d at 413, the Supreme Court stated as follows:

---

1. The rule regarding the legal effect of the arbitrators' report and award is now found at Loc.R. 103.13.

"The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. *Gohman* [*v. St. Bernard*], *supra,* [111 Ohio St. 726] at 730–731 [146 N.E. 291 at 292–293]. *However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts* as designed by the Ohio Constitution. See *State, ex rel. Potain, v. Mathews* (1979), 59 Ohio St.2d 29, 32 [13 O.O.3d 17, 18–19, 391 N.E.2d 343, 345.]." (Emphasis added.)

It has been CMACAO's contention that Enyart perpetrated a fraud on the court by testifying that he filed his workers' compensation claim on March 16, 1989. It is CMACAO's contention that Enyart filed his claim on May 9, 1989, notably after the date of his discharge, which was April 6, 1989.[2]

Initially, this court notes that Enyart filed a second amended complaint to include his wife's claims on January 7, 1992. Paragraph two of this complaint states as follows:

"On or about March 16, 1989, the Plaintiff filed a claim with the Bureau of Workers' Compensation being Workers' Compensation Claim No. 89–10833."

The answer that was filed on CMACAO's behalf in response to the amended complaint admits paragraph two of the amended complaint.

■ Although we agree with the general premise that fraud may well be grounds for Civ.R. 60(B) relief and/or an exception to the law-of-the-case doctrine, the record in the instant action, and case law, support a finding that CMACAO is not entitled to relief. Throughout the course of the litigation between these two parties, CMACAO has argued that *Bryant v. Dayton Casket Co.* (1982), 69 Ohio St.2d 367, 23 O.O.3d 341, 433 N.E.2d 142, is controlling. CMACAO cites *Bryant* for the proposition that one must *file* a workers' compensation claim before being fired, in order to bring an action for wrongful discharge pursuant to R.C. 4123.90. We cannot agree.

The *Bryant* court held as follows:

"The language of R.C. 4123.90 is clear and unambiguous that an employee must have either filed a claim *or initiated or pursued* proceedings for workers' compensation benefits prior to being discharged for his employer to be liable under the statute." (Emphasis added.) *Id.* at syllabus.

---

2. It was for this reason that the trial court granted summary judgment in favor of CMACAO in *Enyart I,* although this court reversed for other reasons. See *Enyart I.*

Moreover, the concurring opinion, written by Justice William B. Brown, very specifically refutes CMACAO's interpretation of *Bryant, supra.* The concurrence states:

"In my opinion, the majority opinion *does not stand for, and should not be construed as standing for, the proposition that the only action by which a proceeding can be 'instituted or pursued,'* in the case of an employer who is not self-insured, is by an *actual filing* of a claim." (Emphasis added.) *Id.* at 372, 23 O.O.3d at 344, 433 N.E.2d at 145.

Justice Brown further specified the policy reasons behind the court's refusal to always require an actual filing in order to avail one's self of R.C. 4123.90, noting as follows:

" * * * In view of the fact that an employer must complete part of the industrial claim form prior to the claimant's filing of his claim, I can envision situations where a court could find a claimant had 'pursued or initiated' a proceeding although he had not actually made a physical filing of a claim. * * *

" * * * If such a requirement was mandated, an employer could, upon receipt of an employee's request to complete the form prior to filing, fire the claimant and thus avoid the consequences of R.C. 4123.90. In addition, such a requirement would also result in a footrace, the winner being determined by what event occurs first—the firing of the employee or the filing of the claim with the bureau. * * * " *Id.* at 372–373, 23 O.O.3d at 344, 433 N.E.2d at 146.

More recently, the Ohio Supreme Court reiterated the position taken by Justice Brown in the *Bryant* case. See *Roseborough v. N.L. Industries* (1984), 10 Ohio St.3d 142, 10 OBR 478, 462 N.E.2d 384. Admittedly, this case involved a self-insured employer, yet the majority in *Roseborough* cited the concurring opinion in *Bryant, supra,* with approval. The court stated as follows:

"Notwithstanding appellee's argument otherwise, *we did not hold in Bryant that the protection of R.C. 4123.90 is triggered only upon the actual filing of a written claim.* Justice William B. Brown wrote in his *Bryant* concurring opinion at page 372 [23 O.O.3d at 343–344, 433 N.E.2d at 145–146] * * *." *Id.* at 143, 10 OBR at 479, 462 N.E.2d at 385.

Thus, CMACAO's contention that Enyart was required to *file* a claim before the date of his discharge (April 6, 1989) in order to recover pursuant to R.C. 4123.90 is not well taken. Moreover, a review of the record demonstrates that Enyart did initiate or pursue his claim before the date of discharge. It has been

CMACAO's contention that Enyart never filed his claim with the Bureau of Workers' Compensation, until May 9, 1989, after the date of discharge.[3]

 Again, as previously noted, Enyart was not required to file his claim prior to the date of discharge. *Bryant, supra.* He was merely required to initiate, pursue, *or* file his claim prior to the date of discharge. *Id.* Moreover, the record reflects that Enyart did pursue or initiate his claim prior to the date of discharge.

The record contains both a C–1 and a C–3 form. CMACAO's argument centers on the C–1. The C–1 is an application for payment of compensation and medical benefits. This form was signed by Enyart on May 1, 1989, after the date of discharge. It appears that CMACAO never completed its part of the C–1.

The C–3 in the record is the application for pay of medical benefits. This C–3 was signed by Enyart on March 16, 1989. It was signed by Enyart's attending physician on April 5, 1989. Enyart was discharged on April 6, 1989. Notably, CMACAO did not complete its part of the C–3 form until May 19, 1989, after the date of discharge. This scenario parallels the situation posited by Justice Brown in *Bryant.* Clearly, the record supports a finding that Enyart initiated or pursued his claim prior to the date of discharge, but the claim was not filed until after the discharge, because of CMACAO's delay in completing the form.

For all of the above reasons, this court finds that CMACAO's argument that Enyart committed fraud is not well taken, insofar as the record supports a finding that Enyart pursued or initiated proceedings for his worker's compensation claim prior to the date of termination, and insofar as CMACAO has misread *Bryant.*[4]

For all of the above reasons, CMACAO's first and second assignments of error are overruled.

 In its third assignment of error, CMACAO argues that the trial court erred when it denied its Civ.R. 60(B) motion without a hearing. However, in order to be entitled to a hearing on a Civ.R. 60(B) motion, the Civ.R. 60(B)

---

3. In support of this argument, CMACAO offers the affidavit of Paula J. Trout, who was one of the arbitrators involved in this case. This court suggests that the affidavit is somewhat inappropriate given the language of Loc.R. 103.14(C), which provides in pertinent part:

 *"Testimony of Arbitrators on Appeal.* In the event of an appeal from the award or decision of the board, the arbitrators *shall not* be called as witnesses as to what took place before them in their capacity as arbitrators." (Emphasis added.)

4. At a Civ.R. 60(B) hearing conducted on April 27, 1993, Robert Malkin, who is the custodian of the records for the Ohio Bureau of Workers' Compensation, testified that the filing of a claim can be affected by the employer in terms of how long the employer holds the claim form.

motion must be properly before the court. On September 22, 1994, CMACAO filed its second Civ.R. 60(B) motion. This second Civ.R. 60(B) motion purported to amend the Civ.R. 60(B) motion that had been previously filed March 5, 1993. Civ.R. 15(A) provides in part:

"Otherwise a party may amend his pleading *only by leave of court or by written consent of the adverse party.*" (Emphasis added.)

The record does not contain any request by CMACAO for leave to amend the March 5, 1993 Civ.R. 60(B) motion. Thus, this court questions whether the second Civ.R. 60(B) motion was properly before the trial court, insofar as CMACAO never moved for leave to amend its first Civ.R. 60(B) motion. Moreover, this court notes that Civ.R. 60(B) proceedings are not to be used as a substitute for appeal of an arbitration award. *Ruper v. Smith* (1983), 12 Ohio App.3d 44, 46, 12 OBR 131, 133–134, 465 N.E.2d 927, 929–930. Clearly, CMACAO's second Civ.R. 60(B) motion raised issues that could have been raised in an appeal from the arbitration award.

This court has previously issued two opinions that have extensively discussed CMACAO's failure to properly appeal the arbitrators' award and the effect thereof. Accordingly, this court reiterates that, given the facts of this case, CMACAO's second Civ.R. 60(B) motion was not properly before the trial court, and accordingly, the trial court was under no obligation to conduct an evidentiary hearing on the motion. Accordingly, CMACAO's third assignment of error is overruled.

We will next address the Enyarts' cross-appeal.

At oral argument, counsel for the Enyarts acknowledged that the stay earlier issued has now been lifted. As a result, the second assignment of error presented by the Enyarts on cross-appeal is moot.

■ The first assignment of error on cross-appeal asserts reversible error based upon the trial court's setting of a motion for hearing. The mere setting of a motion for hearing does not constitute reversible error. This assignment of error is also overruled.

The third assignment of error on cross-appeal seems to be more of a laundry list of grievances about the course of conduct pursued by counsel for CMACAO than a specification of potentially reversible error.

In many ways, this laundry list parallels earlier grievances presented by motions which have been or are supposed to be addressed by the trial court. See *Enyart I.* We note that a hearing on the motions was scheduled for August 28, 1995, but the outcome of that hearing is not before us. Since the record on this appeal does not reflect the outcome of that motion, we cannot find error in the

trial court's ruling. The third assignment of error on cross-appeal is, therefore, overruled.

In review, we overrule the first, second and third assignments of error submitted by CMACAO. We overrule the first and third assignments of error submitted by the Enyarts. The second assignment of error submitted by the Enyarts is moot.

As a result of the foregoing, the judgment of the trial court is affirmed.

*Judgment affirmed.*

TYACK, CLOSE and STRAUSBAUGH, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.