OPINION
On March 7, 1997, appellant, Kenneth A. Maurer, together with his sister Cheryl Heddleson, filed a complaint against appellee, Harry Carrell, for causing an accident and damaging a vehicle owned by Ms. Heddleson. At the time of the accident, the vehicle was in the process of being transferred to appellant.
A hearing before a magistrate was held on March 19, 1997. By report filed March 20, 1997, the referee found appellant had failed to produce a certificate of title to the subject vehicle and therefore dismissed the case.
On March 25, 1997, appellant filed an objection to the referee's report. By judgment entry filed May 1, 1997, the trial court denied the objection.
On May 6, 1997, appellant filed a motion to vacate the May 1, 1997 judgment. By judgment entry filed May 12, 1997, the trial court denied said motion.
On May 21, 1997, appellant filed a motion for new trial pursuant to Civ.R. 59. By judgment entry filed June 3, 1997, the trial court denied said motion.
On June 13, 1997, appellant filed a motion to vacate the June 3, 1997 judgment. By judgment entry filed June 16, 1997, the trial court denied said motion.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 IT WAS AN ERROR, UNREASONABLE, AND CONTRARY TO LAW FOR THE TRIAL COURT TO DISMISS THE CLAIM OF THE PLAINTIFF, KENNETH A. MAURER, FOR FAILURE TO PRODUCE CERTIFICATE OF TITLE TO MOTOR VEHICLE, PER O.R.C. 4505.04(B).
 I
Appellant claims the trial court erred in dismissing his complaint. In order to address this appeal, it is necessary to review the procedural aspects of the case.
Appellant filed a notice of appeal on July 16, 1997 appealing the trial court's June 3, 1997 denial of his motion for new trial. We note this appeal is untimely pursuant to App.R. 4 wherein said rule states a party shall file a notice of appeal "within thirty days of the later of entry of the judgment or order appealed * * *." The only timely appeal before us is the trial court's June 16, 1997 denial of appellant's motion to vacate the trial court's June 3, 1997 denial of his motion for new trial. A motion to vacate does not extend the time for an appeal and may not be used as a substitute for an appeal. Ruper v. Smith (1983), 12 Ohio App.3d 44. App.R. 4 (B) provides exceptions to the appeal time period and subsection (2) includes timely filed Civ.R. 59 motions for new trial. Said rule states "the time for filing a notice of appeal begins to run as to all parties when the order disposing of the motion is entered."
The trial court disposed of appellant's Civ.R. 59 motion for new trial on June 3, 1997. Appellant's June 13, 1997 motion to vacate sought to vacate this entry. The basis of appellant's argument was that the trial court erred in dismissing his complaint for failure to prove ownership of the vehicle. By judgment entry filed June 3, 1997, the trial court denied appellant's motion for new trial without stating a reason. From the record, it appears the motion for new trial was untimely filed. Pursuant to Civ.R. 59 (B), a motion for new trial "shall be served not later than fourteen days after the entry of the judgment." Pursuant to Civ.R 58 (B), the clerk shall serve the parties within three days of entering the judgment upon the journal. Pursuant to these rules, the latest time for appellant to have filed a motion for new trial would have been May 18, 1997 [May 1, 1997 denial of appellant's objection plus three days pursuant to Civ.R. 58 (B) plus fourteen days pursuant to Civ.R. 59 (B)]. Appellant filed his motion for new trial on May 21, 1997 beyond the May 18, 1997 deadline. The trial court did not err insua sponte denying appellant's May 21, 1997 and June 13, 1997 motions. Accordingly, appellant's assignment of error is denied on jurisdictional and procedural issues and not the substantive issues advanced by appellant.
The sole assignment of error is denied.
The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.
By Farmer, P.J., Gwin, J. and Hoffman, J. concur.
 JUDGMENT ENTRY
CASE NO. 1997 CA 00228
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Canton Municipal Court of Stark County, Ohio is affirmed.