Appellants, Father John Hengle, Our Lady of Victory Church, and the Roman Catholic Diocese of Cleveland (collectively, "the church"), appeal from three judgments of the Summit County Court of Common Pleas. The first judgment denied a motion for relief from the attorney fees awarded to Appellee Brother Gabriel Ward in an earlier judgment. The other two judgments at issue awarded appellate attorney fees to Ward. This Court affirms the first judgment, but reverses the other two.
The church employed Ward for approximately ten years. Throughout that time, he belonged to a community of monks that was not formally recognized by the Catholic Church. Ward's religious practices included wearing a monk's habit as his regular clothing and being addressed as "Brother." Because Ward's religious practices conflicted with church doctrine, the church ordered Ward to cease the practices while at work. Ward refused to comply and, as a result, the church terminated his employment.
Ward filed a religious discrimination action against the church. Following a jury trial, Ward was awarded compensatory damages of $16,350, punitive damages of $16,350, and attorney fees of $53,310. On appeal, this court affirmed the judgment for Ward, but reversed the punitive damage award and a portion of the compensatory damage award. See Ward v. Hengle (1997), 124 Ohio App.3d 396.
The church moved this Court for reconsideration of the judgment, asserting that it should have also reversed the attorney fee award. Specifically, the church contended that, because this Court reversed the punitive damage award and found that the church was exempt from federal discrimination liability, it had removed the only potential support for an award of attorney fees. This Court denied the motion, noting that the church had failed to assign error to the award of attorney fees or otherwise address the issue in its appellate brief. The church failed to establish grounds for reconsideration because it did not point to any issue that was not, but should have been, fully considered on appeal. See Matthews v. Matthews (1981), 5 Ohio App.3d 140, 143.
On June 4, 1998, the church moved the trial court for relief from the award of attorney fees. The church asserted that, because the decision on appeal had "removed both the legal and equitable basis for the award of attorney fees[,]" the trial court should vacate the award. The trial court denied the motion. This is the first order the church appeals.
Ward moved the trial court for recovery of additional attorney fees of $10,260 that had been incurred in defending his judgment on appeal to this Court and against the church's attempted appeal to the Ohio Supreme Court. The church opposed Ward's request for additional attorney fees. It contended that, because the two potential bases for an award of attorney fees had been reversed on appeal, the trial court had no authority to award additional attorney fees. On June 26, 1998, the trial court awarded additional attorney fees of $9,234. The church also appeals from this order. Although Ward filed a notice of cross-appeal, apparently because the trial court did not award the full value of the attorney fees he requested, he later dismissed his cross-appeal.
Ward later requested another $14,333.14 in attorney fees and expenses for defending the judgment against an attempted appeal to the United States Supreme Court. Although the church opposed Ward's motion on the same basis as before, on January 5, 1999, the trial court awarded Ward the full amount of his request. This is the third order from which the church appeals.
The church's first assignment of error is that the trial court abused its discretion by refusing to vacate its original award of attorney fees pursuant to Civ. R. 60(B). To prevail on a motion for relief from judgment under Civ. R. 60(B), the church was required to demonstrate that: (1) it had a meritorious defense to present if relief was granted; (2) it was entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion was made within a reasonable time. GTEAutomatic Elec. v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
Even if the church established that it had a meritorious defense and that its motion was filed within a reasonable time, it failed to demonstrate that it was entitled to relief under any of the grounds set forth in Civ. R. 60(B). On appeal, the church fails to even address this significant prong of the GTE test. In the trial court, the church asserted that it was entitled to relief under Civ. R. 60(B), but failed to specify any 60(B) ground for relief. It merely argued that, given that the basis for an award of attorney fees was reversed on appeal, the trial court should vacate the award.
The church's 60(B) motion was nothing more than a challenge to the legal correctness of the trial court's original award of attorney fees. Such a challenge should have been raised on appeal, but the church failed to raise it. See State ex rel.Elyria v. Trubey (1983), 24 Ohio App.3d 44, 48. "A motion for relief from judgment is not a substitute for an appeal, and errors which could have been corrected by a timely appeal cannot be the predicate for a Civ. R. 60(B) motion for relief from judgment."Kelm v. Kelm (1992), 73 Ohio App.3d 395, 399. Because the church asserted no basis for relief pursuant to Civ. R. 60(B), the trial court did not abuse its discretion in refusing to vacate the original award of attorney fees. The first assignment of error is overruled.
The church's second assignment of error challenges the trial court's two orders that awarded Ward additional attorney fees for defending his judgment throughout the state appeal process and for defending the judgment against an attempted appeal to the United States Supreme Court. The church contends that, because there was no longer any basis to support an award of attorney fees, the trial court had no authority to award appellate attorney fees. This Court agrees.
An award of attorney fees must be based on statutory authorization or a finding of bad faith. Vance v. Roedersheimer
(1992), 64 Ohio St.3d 552, 556. At the time the trial court originally awarded attorney fees after the trial, it had before it a finding of bad faith because the jury had awarded punitive damages. The jury had also found that the church violated federal law, which also authorized an award of attorney fees.
On appeal, this Court reversed the punitive damage award because there was no evidence of actual malice on the church's part. See Ward, 124 Ohio App.3d at 405. This Court also found that the church was not liable under federal law because, as a church, it was exempt from liability for religious discrimination.Id. at 400-401. Based on the doctrine of law of the case, the trial court was bound by this Court's partial reversal of its judgment in all subsequent proceedings. See Enyart v. ColumbusMetro. Area Community Action Org. (1996), 115 Ohio App.3d 118,122.
Thus, when Ward moved the trial court for awards of appellate attorney fees, the trial court had no grounds before it to support an award of attorney fees. It, therefore, exceeded its authority by awarding additional attorney fees on June 26, 1998 and January 5, 1999 and those judgments are reversed. The second assignment of error is sustained.
Judgments affirmed in part and reversed in part.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).
SLABY, J.
WHITMORE, J.
CONCUR