JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Benesch, Friedlander, Coplan Aronoff, LLP ("Benesch"), appeals the trial court's decision granting in part defendant-appellee's, Action Software, Inc. ("Action"), Civ. R. 60(B) "motion to set aside the judgment order adopting arbitration report and reward." For the following reasons, we affirm.
 {¶ 2} On June 26, 2006, Benesch filed a complaint against Action for unpaid legal fees, services, and related expenses in the amount of $76,867.22. Upon agreement of the parties, the matter was referred to arbitration and on March 7, 2008, the trial court journalized the following:
 "Case set for arbitration on 03/27/2008. Pretrial conference by telephone set for 04/01/2008 at 9:00 am if case does not settle at arbitration. A briefing schedule and trial date will be set on 04/01/2008. Plaintiff's counsel to coordinate conference call to the court ***."
 {¶ 3} Counsel for Action was unavailable for arbitration because he was representing another client in Toledo, Ohio, in an unrelated matter. Substitute counsel thus represented Action during the arbitration.
 {¶ 4} As of April 1, 2008, the arbitrator's report and award had not yet been issued. Further, there is no record that the April 1, 2008 conference call went forward. Rather, via affidavit, counsel for Benesch stated:
 "The Court advised that the telephonic Pretrial was being cancelled as there was no reason for it to go forward until the Arbitration Award was issued and docketed. *** The Court further advised that the matter would be re-scheduled but not before the thirty (30) day appeal time for the parties in regard to the Award. *Page 4 The Court requested that a copy of the Award be provided to the Court when counsel receives it. I did not need to provide the Court a copy as the Award was docketed around the same time that I received my copy of the award. *** Lastly, the Court advised that counsel for the Defendant would be notified of the cancellation of the Pretrial by the Court. Plaintiff was at no time requested to contact Defendant's counsel to notify counsel of the cancellation." (Krasnicki aff. _5-7.)
 {¶ 5} The record does not indicate whether Action was apprised of the communication between the trial court and Benesch.
 {¶ 6} On April 3, 2008, the arbitration panel issued its report and award and found in favor of Benesch in the amount of $52,082. On May 6, 2008, the trial court entered judgment for Benesch in that amount.
 {¶ 7} On May 19, 2008, Action filed its Civ. R. 60(B) motion for relief from judgment. Action argued that it did not appeal the arbitration report and award due to excusable neglect and that it had a meritorious defense to Benesch's complaint.
 {¶ 8} Specifically, Action argued that the following gave rise to excusable neglect: first, that counsel for Action relied on the trial court's March 7, 2008 journal entry scheduling a conference call with the parties should the parties fail to settle the matter at arbitration as cause to believe a Loc. R. 29 arbitration appeal was unnecessary; and second, that counsel failed to appeal the arbitration award because it also relied upon representations by plaintiffs counsel that she would set up the aforementioned conference call.
 {¶ 9} Counsel for Action stated: *Page 5 
 "Based on this Honorable Court['s] March 7, 2008 judgment entry, and aware that this matter did not settle at arbitration, I assumed that this Honorable Court would conduct its telephone conference pre-trial to set the briefing and trial schedule. Consequently, I did not believe it was necessary to file a written notice of appeal as required by Local Rule 29." (EL-Kamhawy aff. _11.)
 {¶ 10} Further, Action argued that it never signed a contract with Benesch and never authorized the legal services provided and, thus, it had a meritorious defense.
 {¶ 11} The trial court granted Action's motion in part and journalized the following:
 "Upon a full review of the pending motion and all briefs, the court finds that defendant has demonstrated both excusable neglect in failing to file a timely appeal and the existence of a meritorious defense. The court further finds that, in granting relief from judgment, it should not act so as to relieve defendant of its obligation to comply with the prerequisites to an appeal from an arbitration award as provided in Local Rule 29. Accordingly, the court grants defendant's motion, subject however to payment of the costs of arbitration, to wit: $250.00, to be paid within one week of the date of this order."
 {¶ 12} Benesch appeals, asserting three assignments of error for our review. All three assignments of error pertain to the trial court's ruling on Action's Civ. R. 60(B) motion.
 {¶ 13} We review Civ. R. 60(B) motions for relief from judgment under an abuse-of-discretion standard. Jones v. Gayhart, Montgomery App. No. 21838, 2007-Ohio-3584. "The term `abuse of discretion' connotes more than an error of *Page 6 
law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 ASSIGNMENT OF ERROR NUMBER ONE
 "The trial court erred by considering a Motion to Set Aside Judgment in lieu of the required and mandatory Arbitration Appeal thereby allowing the Defendant-Appellee to circumvent the Arbitration Rules. This error constitutes abuse of discretion."
 {¶ 14} Benesch argues that the trial court abused its discretion when it ruled on Action's Civ. R. 60(B) motion for relief from judgment because in doing so, the trial court treated the Civ. R. 60(B) motion for relief from judgment as an appeal from the arbitration award in circumvention of the Arbitration Rules.
 {¶ 15} In support thereof, Benesch cites Ruper v. Smith (1983), 12 Ohio App.3d 44, at paragraph two of the syllabus, in which this court held that "Civ. R. 60(B) proceedings are not a substitute for appeal of an arbitration award, whether or not the arbitration agreement is consensual."
 {¶ 16} However, in so holding, this court did not find that Civ. R. 60(B) motions are precluded in all instances in which a party fails to file an appeal of an arbitration award. Rather, we found the following as it pertained to the Civ. R. 60(B) motion in that particular case:
 "It is difficult to say precisely what this motion was meant to accomplish. Insofar as it sought an appeal de novo despite consent to binding arbitration, the motion was properly denied. If it was meant to be a bona fide Civ. R. 60(B) motion, it did not demonstrate a defense to the underlying action; nor did it *Page 7 specify the particular subsection under which relief was sought. Adomeit v. Baltimore (1974), 39 Ohio App.2d 97; GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146." Ruper at 46.
 {¶ 17} In the case sub judice, the record makes clear that the trial court treated Action's Civ. R. 60(B) motion as a motion for relief from judgment and not as an appeal de novo of the arbitration award. Further, Action's motion sets forth its grounds for relief from judgment, namely, excusable neglect, and also its grounds for a meritorious defense pursuant to Civ. R. 60(B) and GTE, giving rise to a bona fide Civ. R. 60(B) motion. Thus, we do not find that the trial court abused its discretion when it reviewed Action's Civ. R. 60(B) motion for relief from judgment.
 {¶ 18} Benesch's first assignment of error is overruled.
 {¶ 19} Benesch's second and third assignments of error are related, and in the interest of judicial economy will be addressed together.
 ASSIGNMENT OF ERROR NUMBER TWO
 "The trial court erred by failing to deny the Defendant-Appellee's Motion to Vacate Judgment pursuant to Ohio Civil Procedure Rule 60(B) because Defendant-Appellee did not meet the requirements of said Rule."
 ASSIGNMENT OF ERROR NUMBER THREE
 "The trial court erred in that it abused its discretion when it granted Defendant-Appellee's Motion to Vacate Judgment which was filed pursuant to Ohio Civil Procedure Rule 60(B)." *Page 8 
 {¶ 20} Benesch argues that the trial court erred and abused its discretion when it granted in part Action's Civ. R. 60(B) motion for relief from judgment. We disagree.
 {¶ 21} Civ. R. 60(B) allows a court to grant relief from a final judgment, order, or proceeding for the following reasons:
 "(1) mistake, inadvertence, surprise or excusable neglect;
 (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial ***;
 (3) fraud ***, misrepresentation or other misconduct of an adverse party;
 (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
 (5) any other reason justifying relief from judgment."
 {¶ 22} To prevail on a motion for relief from judgment, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if the relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. GTE at 150. If any of these requirements are not met, the trial court must overrule the Civ. R. 60(B) motion. Jones; Rose Chevrolet Inc. v. Adams (1988), 36 Ohio St.3d 17. *Page 9 
 {¶ 23} Furthermore, Loc. R. 29, Part VII(B), pertaining to arbitration, reads as follows:
 "The report and award, unless appealed, shall be final and shall have the attributes and legal effect of a verdict. If no appeal is taken within the time and in the manner specified, the Court shall enter judgment. After entry of judgment, execution process may be issued as in the case of other judgments."
 {¶ 24} On March 7, 2008, the trial court journalized the following:
 "Case set for arbitration on 03/27/2008. Pretrial conference by telephone set for 04/01/2008 at 9:00 am if case does not settle at arbitration. A briefing schedule and trial date will be set on 04/01/2008. Plaintiff's counsel to coordinate conference call to the court ***."
 {¶ 25} The docket does not contain an April 1, 2008 journal entry confirming that a conference call took place or cancelling the conference call. Nor is there any record of Benesch or Action establishing a follow-up conference call regarding same.
 {¶ 26} Thereafter, on May 6, 2008, approximately four weeks after the arbitration report and award was issued, and without an arbitration appeal on the record, the trial court entered the following journal entry, "On the evidence presented at an arbitration hearing, judgment for the Plaintiff in the sum of $52,082 against and at the cost of the defendant, for which execution may issue."
 {¶ 27} Accordingly, counsel for Action stated via affidavit that, "Based on this Honorable Court['s] March 7, 2008 judgment entry, and aware that this matter did not settle at arbitration, I assumed that this Honorable Court would conduct its telephone *Page 10 
conference pre-trial to set the briefing and trial schedule. Consequently, I did not believe it necessary to file a written notice of appeal as required by Local Rule 29." (Kamhawy aff._11.)
 {¶ 28} Thus, Action argues that its failure to file an appeal of the arbitrator's award was not a result of "ignorance of the law," as argued by Benesch, but rather as a result of confusion regarding a scheduled conference call.
 {¶ 29} The Supreme Court of Ohio has held that, "the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.'" Kay v. Marc Glassman, Inc.,76 Ohio St.3d 18, 20, 1996-Ohio-430; quoting GTE, supra. Hence, we review this matter to determine whether the assumption made by counsel that, because the case did not settle, a telephonic pretrial would be set and that an appeal was unnecessary, constituted the "complete disregard for the judicial system" contemplated by Kay.[1] We conclude that it does not.
 {¶ 30} Implicit in the granting of the Civ. R. 60(B) motion by the trial court was the court's concurrence that the status of the case was unclear upon the record. We find that the trial court was in the better position to determine whether its entries were confusing under the circumstances of the case, and whether justice is *Page 11 
better served by vacating the order confirming the arbitration award and proceeding anew. We hold that the court was well within its discretion in finding that a "misunderstanding" was not the equivalent of a "complete disregard of the judicial system." Kay at 20.
 {¶ 31} "The term "abuse of discretion' *** implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v.Adams (1980), 62 Ohio St.2d 1515, 157; see, also, Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. We are especially mindful when reviewing a trial court's grant of a Civ. R. 60(B) motion that a trial court is often aware of factual subtleties surrounding a "misunderstanding" that may not be readily apparent upon the record. Finally, we note that the trial court's decision to re-activate an otherwise closed case rather eloquently communicates its concern that justice may not have been done. We should afford that concern great deference.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 12 
MELODY J. STEWART, J., CONCURS
MARY EILEEN KILBANE, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE OPINION
[1] We certainly have concern that Action allowed an unappealed and uncontested arbitration award to pend for weeks without making some kind of inquiry to the court about the status of the case. However, we note that the trial court, in setting aside the judgment, did require Action to immediately pay the costs of the arbitration. We hasten to make clear that if this matter were being reviewed upon the denial of the Civ. R. 60(B) motion, finding an abuse of discretion would likewise have been difficult.