[Cite as *Dickson v. Dickson* , 2017-Ohio-8576.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105318**

**BLAKE A. DICKSON**

PLAINTIFF-APPELLANT

vs.

**CHRISTINE A. DICKSON**

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-13-348970

**BEFORE:** Celebrezze, J., Keough, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 16, 2017

**ATTORNEYS FOR APPELLANT**

Blake A. Dickson
Danielle Chaffin
The Dickson Firm, L.L.C.
Enterprise Place, Suite 420
3401 Enterprise Parkway
Cleveland, Ohio 44122

Daniel Z. Inscore
3 North Main Street, Suite 703
Mansfield, Ohio 44902


**ATTORNEYS FOR APPELLEE**

**For Christine A. Dickson**

Roger L. Kleinman
Cavitch, Familo & Durkin Co., L.P.A.
1300 East Ninth Street, 20th Floor
Cleveland, Ohio 44114

**For Pamela L. Gorski**

Matthew T. Norman
Monica A. Sansalone
Gallagher Sharp, L.L.P.
Bulkley Building, 6th Floor
1501 Euclid Avenue
Cleveland, Ohio 44115

FRANK D. CELEBREZZE, JR., J.:

{¶1} Appellant, Blake A. Dickson, appeals the denial of his motions to stay execution of judgment and to vacate judgment. He claims the court erred when it denied his motions and would not allow him to conduct discovery prior to filing a brief in support of his motion to vacate judgment. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶2} In September 2013, appellant filed a complaint for divorce from his then-wife Christine A. Dickson. During the course of that case, a guardian ad litem ("GAL"), Pamela Gorski, was appointed for the couple's two minor children. She was also appointed as the children's attorney. In proceedings that can be generously characterized as contested, the parties filed motions to show cause, motions for sanctions, and numerous other filings. On August 27, 2015, an agreed judgment entry was entered on the record documenting appellant's agreement to pay half of the fees related to the GAL. The entry, signed by appellant, documents $33,803.75 in fees, and sets forth appellant's share of the costs as $16,401.87. The order also entered judgment in that amount against appellant.

{¶3} In October 2016, appellant filed a motion to stay the judgment in favor of the GAL, and to vacate the judgment awarding fees to the GAL. Appellant also sought an order allowing him additional time to conduct discovery before he filed his brief in support of his motion to vacate. The entire substance of the motion stated,

> Plaintiffs Motion to Vacate Judgment pursuant to Civ.R.60(B) is incorporated herein. However, Plaintiff needs to conduct certain discovery to complete his Brief in Support. Accordingly, Plaintiff respectfully requests that this Honorable Court stay the execution of its Judgment Entry dated August 27, 2016 until this Court has resolved Plaintiffs Civ.R.60(B) Motion to Vacate. Plaintiff further requests an extension of time of ninety (90) days to conduct certain discovery relative to his Civ.R.60(B) Motion and file his Brief in Support.

{¶4} The GAL opposed the motion pointing out, among other things, that appellant failed to satisfy any of the requirements of Civ.R. 60(B). On December 1, 2016, the trial court denied appellant's motion, stating:

> The power of a court to vacate its order is granted by Civ.R. 60. A motion to vacate a judgment entry must be made pursuant to Civ.R. 60(B). Nowhere in Defendant's Motion to Vacate does he cite to the grounds listed under Civ.R. 60(B). Nor does he cite to *GTE Automatic Electric, Inc. v. Arc Industries*, 47 Ohio St.2d 124[, 351 N.E.2d 113] (1976) which established the test that Ohio courts must use when reviewing motions made under Civ.R. 60(B). Because of his failure to adequately apply Civ.R. 60(B) to his Motion as well as the fact that there are absolutely no facts plead that would give rise to the granting of hearing under Civ.R. 60(B), Plaintiff's Motions are hereby DENIED.

{¶5} Appellant then filed the instant appeal assigning one error for review:

> 1. The trial court erred when it denied appellant's motion to stay execution of judgment, motion to vacate judgment and request for extension of time to conduct discovery and file [appellant's] brief in support.

## II. Law and Analysis

{¶6} This court reviews a trial court's decision related to a motion for relief from judgment pursuant to Civ.R. 60(B) for an abuse of discretion. *Benesch v. Action Software, Inc.*, 8th Dist. Cuyahoga No. 91708, 2009-Ohio-1617, ¶ 13. An abuse of discretion is evidenced by a decision that is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶7} Civ.R. 60(B) provides,

> [o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or

it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules.

{¶8} The last paragraph of the rule directs litigants to file a motion for relief in accordance with Civ.R. 7(B):

An application to the court for an order shall be by motion which, unless made during a hearing or a trial, shall be made in writing. A motion, whether written or oral, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. A written motion, and any supporting affidavits, shall be served in accordance with Civ.R. 5 unless the motion may be heard ex parte.

{¶9} Therefore, a motion seeking relief from judgment must contain operative facts demonstrating three things: (1) the motion is timely, (2) the movant is entitled to relief under at least one of the ground set forth in the rule, and (3) the movant has a meritorious claim or defense should the motion be granted. *Benesch,* 8th Dist. Cuyahoga No. 91708, 2009-Ohio-1617, at ¶ 22, citing *GTE*, 47 Ohio St.2d at 150, 351 N.E.2d 113. If any of the three requirements are not met, the motion should be denied. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

{¶10} This court has previously provided sound advice on the procedure that should be employed for filing such a motion:

A person filing a motion for relief from judgment under Civil Rule 60(B) is not automatically entitled to such relief nor to a hearing on the motion. The movant has the burden of proving that he is entitled to the relief requested or to a hearing on the motion. Therefore, he must submit factual material which on its face demonstrates the timeliness of the motion, reasons why the motion should be granted and that he has a defense.

It is discretionary with the trial court whether the motion will be granted and in the absence of a clear showing of abuse of discretion the decision of the trial court will not be disturbed on appeal.

Since the Civil Rules are silent as to the exact procedure to be followed some movants do not understand what they should file with the court. Specifically, the Civil Rules only require the filing of a motion under Civil Rule 7(B), and do not require that movants file an affidavit or other evidence with the motion. *See Matson v. Marks*, [32 Ohio App.2d 319, 291 N.E.2d 491 (10th Dist.1972)]. However, the rules do not require that the trial court grant a hearing on every motion for relief from judgment under Civil Rule 60(B).

Even though there is no requirement that the movant submit an affidavit or other material with his motion, because he has the burden of proof and is not automatically entitled to a hearing, good legal practice dictates that the movant must do all that he can to present allegations of operative facts to demonstrate that he is filing his motion within a reasonable period of time; that he is entitled to relief for one of the grounds specified in Civil Rule 60(B)(1) through (5); and that he has a valid defense.

Since the movant has the burden of proof, he must present sufficient factual information to warrant a hearing on the motion. He should not take the risk of relying on filing a motion for relief from judgment with little or no facts and conclusions of law.

*Adomeit v. Baltimore*, 39 Ohio App.2d 97, 103-104, 316 N.E.2d 469 (8th Dist.1974).

{¶11} Appellant's motion does not set forth any factual or legal allegations that would entitle him to a hearing on his motion, and therefore, discovery. The motion does not attempt to satisfy any of the requirements of Civ.R. 60(B). Some allegations must be made demonstrating an entitlement to a hearing before a trial court should hold a hearing, and thus open up any type of discovery.

{¶12} Appellant argues that he was not in a position to offer any evidence because he needed to conduct discovery prior to filing his motion. The fee dispute was previously litigated below, and appellant waived his opportunity for a hearing by signing an agreed judgment entry

where he acknowledged his obligation to pay the GAL the amount sought. Further, despite this lack of discovery, appellant has argued to this court the type of allegations and factual assertions that should have been argued in his motion submitted to the trial court. This demonstrates that appellant was not prevented from setting forth operative facts in his motion.

{¶13} Here, the trial court did not abuse its discretion in denying appellant's motion to vacate judgment. As such, the trial court also did not err in denying appellant discovery. Appellant failed to demonstrate any entitlement to such. As the court did not abuse its discretion in denying appellant's motion to vacate judgment, the court also did not abuse its discretion in denying appellant's motion to stay execution of judgment.

### III. Conclusion

{¶14} Appellant failed to support his motion for relief from judgment with even the most basic arguments demonstrating entitlement to relief. Therefore, the trial court did not err in denying it.

{¶15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

KATHLEEN ANN KEOUGH, A.J., and

SEAN C. GALLAGHER, J., CONCUR