[Cite as *Deutsche Bank Natl. Trust Co. v. Taylor*, 2013-Ohio-4278.]

| | |
|---|---|
| STATE OF OHIO )<br>)ss:<br>COUNTY OF SUMMIT ) | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| DEUTSCHE BANK NATIONAL TRUST COMPANY<br><br>    Appellee<br><br>    v.<br><br>KENNETH S. TAYLOR, et al.<br><br>    Appellants | C.A. No.    26626<br><br><br>APPEAL FROM JUDGMENT<br>ENTERED IN THE<br>COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO<br>CASE No.    CV 2007 11 8364 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2013

HENSAL, Judge.

{¶1}    Kenneth Taylor appeals a judgment of the Summit County common pleas court that granted summary judgment on his counterclaims to Deutsche Bank National Trust Company, as Trustee for Certificateholders of Soundview Home Loan Trust 2006-OPT2, Asset-Backed Certificates, Series 2006-OPT2.  For the following reasons, this Court affirms in part and reverses in part.

I.

{¶2}    In 2006, Kenneth and Alicia Taylor bought a home in Twinsburg, Ohio.  To finance the deal, they signed a promissory note with Option One Mortgage Corp. and secured the note with a mortgage on the property.  In May 2007, Option One sent the Taylors a notice of default because they had stopped making payments on the note.  In June 2007, Option One assigned its interest in the note and mortgage to Deutsche Bank.

{¶3} In November 2007, Deutsche Bank filed a foreclosure action against the Taylors. Mr. Taylor counterclaimed, alleging that Deutsche Bank had violated the Federal Fair Debt Collection Practices Act and Revised Code Section 2921.03. Following discovery, Deutsche Bank moved for summary judgment. The trial court granted its motion, and entered judgment for Deutsche Bank on its claims and Mr. Taylor's counterclaims. On appeal, this Court affirmed the award of summary judgment as to the foreclosure action, but reversed as to the counterclaims because Deutsche Bank had not moved for summary judgment on those claims. *Deutsche Bank Natl. Trust Co. v. Taylor*, 9th Dist. Summit No. 25281, 2011-Ohio-435, ¶ 34. On remand, Deutsche Bank moved for summary judgment on the counterclaims, and the trial court granted its motion. Mr. Taylor has appealed, assigning eight errors. For ease of discussion, we have rearranged some of them to facilitate our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY FAILURE TO FOLLOW C.A. "SPECIAL MANDATE" ORDERED INTO EXECUTION (IN THE COURT OF APPEALS NINTH JUDICIAL DISTRICT C.A.NO-25281).

{¶4} Mr. Taylor argues that the trial court failed to follow this Court's mandate. Although his appellate brief is not clear, his argument appears to be that the trial court improperly delayed ruling on his motions, improperly delayed issuing a scheduling order, and improperly failed to set a date for trial. *See Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2004-Ohio-5178, ¶ 3 ("[P]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities.").

{¶5} In our previous decision in this case, we reversed the trial court's entry of summary judgment for Deutsche Bank on Mr. Taylor's counterclaims and "remand[ed] Taylor's counterclaims to the trial court for further proceedings consistent with this opinion." *Taylor* at ¶ 34. On remand, the trial court directed the parties to submit briefs regarding the status of the case and then established a case management schedule. It considered and ruled on the Taylors' numerous discovery motions and his motions for relief from judgment. After Deutsche Bank moved for summary judgment, it gave the Taylors time to respond to the motion then ruled on it. In light of the court's disposition of the motion for summary judgment, it was not necessary for the court to set a trial date.

{¶6} Upon review of the record, we conclude that the trial court correctly applied our mandate on remand. After the trial court received this Court's decision, the case proceeded on the counterclaims in accordance with the rules of civil procedure the same as it would in any other case. Mr. Taylor's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY IN (SIC) ACCEPTING THE CONTENTS OF CERTAIN RECORDED DOCUMENTS AS TRUE AND RELYING UPON THAT INFORMATION IN DETERMINING THE SUMMARY JUDGMENT MOTION.

{¶7} In his second assignment of error, Mr. Taylor argues that the trial court improperly considered several documents that Deutsche Bank submitted with its motion for summary judgment. He argues that some of the documents were not incorporated into an affidavit. He also argues that the affidavit of Cindi Ellis did not have any attachments.

{¶8} Under Rule 56(C), "[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Under Rule 56(E), "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit."

{¶9} The documents that Deutsche Bank attached to its motion for summary judgment included a brief that it had previously filed in the case regarding Mr. Taylor's counterclaims, a copy of the note, Ms. Ellis's affidavit, a copy of the truth-in-lending disclosure statement that was given to the Taylors at the time of the sale, a copy of the notice of right to cancel the Taylors received, a copy of the mortgage, a copy of the assignment of the note and mortgage, a copy of the notice of default that Option One sent to the Taylors, and a copy of this Court's previous decision in this case. Each of the documents was either already in the record or was properly incorporated into Ms. Ellis's affidavit. Regarding the affidavit, we note that, contrary to Mr. Taylor's allegation, it avers that it was made on personal knowledge and contains the multiple attachments to which it refers. We conclude that it complied with Rule 56(E).

{¶10} Upon review of the record, Mr. Taylor has failed to establish that the trial court considered any improper evidence under Civil Rule 56(C). His second assignment of error is overruled.

ASSIGNMENT OF ERROR III

LACK OF DUE PROCESS. THE TRIAL COURT ERRED BY NOT HOLDING
ANY HEARINGS.

{¶11} In his third assignment of error, Mr. Taylor argues that the trial court should have held a hearing before ruling on Deutsche Bank's motion for summary judgment. He argues that the court denied him due process by depriving him of his property without holding a hearing.

{¶12} This Court has held that "[a] trial court is not required to hold an oral hearing on a motion for summary judgment and may instead consider the memoranda and evidentiary materials submitted by the parties." *Bank of New York v. Brunson*, 9th Dist. Summit No. 25118, 2010-Ohio-3978, ¶ 9. As the Ohio Supreme Court has explained, "[t]he 'hearing' contemplated by Civ.R. 56(C) may be either a formal, oral hearing (in which the trial court entertains oral arguments from counsel on a scheduled date preceded by the parties' filings of memoranda and Civ.R. 56 evidentiary materials) or a 'nonoral,' informal one." *Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, ¶ 14. The only due process requirement under Civil Rule 56 is "that the nonmoving party receive notice of the deadline date for the opposing party's response to the summary judgment motion or of the date on which the motion is deemed submitted for decision." *Id.* at ¶ 17.

{¶13} Mr. Taylor received notice of Deutsche Bank's motion for summary judgment and filed a timely response, which the trial court considered in rendering its decision. We, therefore, conclude that the court did not violate Mr. Taylor's due process rights when it awarded summary judgment to Deutsche Bank without holding an oral hearing. Mr. Taylor's third assignment of error is overruled.

ASSIGNMENT OF ERROR IV

PLAINTIFF(S) LACK STANDING. THE TRIAL COURT ERRED BY ALLOWING PLAINTIFFS TO USE DEFECTIVE ASSIGNMENT.

{¶14} Mr. Taylor next argues that this Court should reconsider its prior decision in this case in light of the Ohio Supreme Court's decision in *Federal Home Loan Mortgage. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017. In *Schwartzwald*, the Supreme Court held that a plaintiff must have "an interest in the note or mortgage at the time it filed suit" in order to have "standing to invoke the jurisdiction of the common pleas court." *Id.* at ¶ 28. As we noted

in our prior decision, however, Option One assigned its interest in the note and mortgage to Deutsche Bank several months before Deutsche Bank filed its foreclosure action. We also specifically rejected Mr. Taylor's argument that the assignment was defective. *See Taylor*, 2011-Ohio-435 at ¶ 26. Accordingly, even if the Supreme Court's decision in *Schwartzwald* permitted us to reconsider our previous decision, it would not change the outcome. *See Nolan v. Nolan*, 11 Ohio St.3d 1 (1984), syllabus ("Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case."). Mr. Taylor's fourth assignment of error is overruled.

## ASSIGNMENT OF ERROR V

TRIAL COURT LACKED JURISDICTION. THE TRIAL COURT ERRED BY ALLOWING PLAINTIFF'S ATTORNEY TO DRAFT FALSE AND MISLEADING REVISED FINAL DECREE INTO TRIAL COURT RECORDS.

**{¶15}** Mr. Taylor argues that it was impossible for him to get a fair decision from the trial court because the judge and plaintiff's attorney acted in concert against him. He argues that the trial judge was biased and improperly denied his motions for recusal. He also asserts that the judge's misconduct deprived him of his right to due process.

**{¶16}** If a party believes that a common-pleas-court judge is prejudiced or has exhibited bias, he may file an affidavit of disqualification under Section 2701.03 of the Ohio Revised Code. *Shih v. Byron*, 9th Dist. Summit No. 25319, 2011-Ohio-2766, ¶ 24; R.C. 2701.03(A). An Ohio district court of appeals "has no authority to render a decision with regard to disqualification, or to void a trial court's judgment on the basis of personal bias or prejudice on the part of a trial judge." (Citation omitted.) *State v. Hunter*, 151 Ohio App.3d 276, 2002-Ohio-7326, ¶ 18 (9th Dist.) citing *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442 (1978). We, therefore,

conclude that we do not have authority to address Mr. Taylor's bias arguments or to overturn the court's judgment on that basis. *Shih* at ¶ 24 ("It is not the role of this Court to make a determination as to whether the trial court exhibited a bias against a party."). We also note that Mr. Taylor filed an affidavit for disqualification with the Ohio Supreme Court regarding the trial judge, but the Chief Justice determined that his allegations were without merit. Mr. Taylor's fifth assignment of error is overruled.

## ASSIGNMENT OF ERROR VII

COUNTERCLAIMS CLAIMS NOT HEARD AGAINST PLAINTIFF MANLEY DEAS KOCHALOSKI LLC. LOCATED IN COLUMBUS, OHIO P.O BOX 165028 43216-502 WHO IS NAMED IN CAPTION OF DEFENDANT'S COUNTERCLAIM AS WELL AS IN BODY OF COUNTERCLAIM.

{¶17} Mr. Taylor next argues that the trial court failed to dispose of the counterclaims he filed against Deutsche Bank's former counsel. Deutsche Bank argues that the trial court did not err because its former counsel is not a party to the case. We disagree. In the caption of its Counterclaim, Mr. Taylor named Deutsche Bank's former counsel as a party. *See* Civ.R. 13(H) (providing that "[p]ersons other than those made parties to the original action may be made parties to a counterclaim * * *."). It also made specific allegations against Deutsche Bank's former counsel in the body of its counterclaim.

{¶18} In its motion for summary judgment, Deutsche Bank requested summary judgment on all of Mr. Taylor's claims, which the trial court granted. Under Civil Rule 56(B), "[a] party against whom a * * * counterclaim * * * is asserted * * * may, at any time, move * * * for a summary judgment in *the party's* favor * * *." (Emphasis added). The rule does not allow a party to move for summary judgment on behalf of another party. As we noted in our previous decision in this case, "Civ.R. 56(C) does not authorize courts to enter summary judgment in favor of a non-moving party." *Taylor*, 2011-Ohio-435 at ¶ 15, quoting *Marshall v. Aaron*, 15

Ohio St.3d 48 (1984), syllabus. We, therefore, conclude that the trial court incorrectly granted summary judgment to Deutsche Bank on Mr. Taylor's counterclaims against Deutsche Bank's former counsel. Mr. Taylor's seventh assignment of error is sustained.

## ASSIGNMENT OF ERROR VI

THE TRIAL COURT ERRED ON AUGUST 17, 2012 BY FINDING IN FAVOR OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS PLEADED BY DEFENDANTS. THE COURT HAS NOT PROPERLY ADDRESSED SOME CORE PRINCIPAL GENUINE ISSUES OF MATERIAL FACTS IN DISPUTE PLEADED IN DEFENDANT'S COUNTERCLAIM.

**{¶19}** Mr. Taylor also argues that the trial court incorrectly determined that there were no genuine issues of material fact and that Deutsche Bank is entitled to judgment as a matter of law. Pursuant to Civil Rule 56(C), summary judgment is appropriate if:

(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293, quoting Civ.R. 56(E).

**{¶20}** For the most part, Mr. Taylor's arguments in support of his sixth assignment of error are the same arguments he made with respect to his other assignments of error. According to Mr. Taylor, there is an inconsistency between the parties listed in the counterclaim and the ones listed in Ms. Ellis's affidavit because the affidavit fails to indicate that Deutsche Bank's

former counsel is a party to the counterclaim. He also asserts that there is no evidence that Deutsche Bank possessed the note before it filed its foreclosure action, that Option One's alleged assignment to Deutsche Bank was fraudulent, and that Deutsche Bank's motion for summary judgment ignored the claims he and his wife filed against its former counsel.

{¶21} In this Court's prior decision, we determined that Option One validly assigned the note and mortgage to Deutsche Bank before Deutsche Bank filed its complaint in this case. *Taylor*, 2011-Ohio-435, ¶ 26. We cannot reconsider that issue. Regarding the alleged inconsistency in the affidavit, we conclude that that issue is moot in light of our resolution of Mr. Taylor's seventh assignment of error. Mr. Taylor's sixth assignment of error is overruled.

ASSIGNMENT OF ERROR VIII

TRIAL COURT ERRED, COURT HAS CONCEALED RECORDS BY HIDING 17 DENIED MOTIONS.

{¶22} Mr. Taylor's final argument is that the trial court "has concealed records by hiding 17 denied motions." He contends that, by hiding the motions, the trial court has prevented them from being reviewed by a superior tribunal.

{¶23} Mr. Taylor has not provided this Court with any detail about the motions that he alleges the trial court improperly excluded from the record. Without any suggestion in the record or Mr. Taylor's brief regarding the nature and content of the allegedly concealed motions, this Court is unable to review the propriety of the trial court's actions. Mr. Taylor's eighth assignment of error is overruled.

III.

{¶24} The trial court correctly granted summary judgment to Deutsche Bank on Mr. Taylor's counterclaims against Deutsche Bank, but incorrectly granted it summary judgment on Mr. Taylor's counterclaims against its former counsel. The judgment of the Summit County

common pleas court is affirmed in part and reversed in part, and this matter is remanded for further proceedings consistent with this decision.

> Judgment affirmed in part,
> reversed in part
> and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

KENNETH S. TAYLOR, pro se, Appellant.

THOMAS L. FEHER and ROBIN M. WILSON, Attorneys at Law, for Appellee.