[Cite as *Citimortgage, Inc. v. Lehner*, 2014-Ohio-2859.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| CITIMORTGAGE, INC. | C.A. No. 12CA0103-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CATHY LEHNER, et al. | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellants | CASE No. 11CIV0522 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2014

CARR, Judge.

{¶1}   Appellant, Cathy Lehner, appeals from the judgment of the Medina County Court of Common Pleas.  This court affirms.

I.

{¶2}   On November 1, 2010, Cathy Lehner executed a note for $484,000 in favor of Citimortgage Inc., for the property located at 6760 Riverstyx Rd. in Montville Township, Medina County, Ohio.  The note was secured by a mortgage.  Lehner's mortgage was assigned to Citimortgage on March 21, 2011, by Mortgage Electronic Registration Systems, Inc., as nominee for Citimortgage.  The assignment was recorded on April 5, 2011.

{¶3}   Citimortgage filed this foreclosure action on March 30, 2011.  The named defendants in the complaint were Cathy Lehner, John Doe, the unknown spouse of Cathy Lehner, Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Citimortgage, N.A., and the Medina County Treasurer.  Citimortgage filed an amended

complaint, adding Dewayne A. Coltz as a defendant. The complaint alleged that all conditions precedent in the note and mortgage were satisfied. One of the conditions precedent required was notice of acceleration. However, no acceleration letter was attached to the complaint. After receiving an extension of time, Lehner filed a pro se answer. The answer denied that all conditions precedent were met. The trial court referred the matter to mediation. After mediation proved unsuccessful, the matter returned to the trial court's docket. Subsequently, Citimortgage moved for summary judgment.

{¶4} The trial court scheduled the plaintiff's motion for summary judgment for a non-oral hearing. Lehner did not respond to the motion for summary judgment. The trial court granted summary judgment and issued a decree of foreclosure on November 1, 2011. Two days later, Lehner obtained counsel and filed a motion for extension of time to respond to the motion for summary judgment and a motion to return the issue to mediation. The trial court denied Lehner's motion for extension of time, but it granted her motion to return the issue to mediation.

{¶5} The second attempt at mediation was also unsuccessful, and the matter returned to the trial court's docket. Lehner then filed a Civ. R. 60(B) motion to vacate the judgment. Citimortgage filed a memorandum in opposition to Lehner's motion. With the trial court's permission, both parties filed supplemental briefs. Citimortgage attached the affidavit of Gerry Cady to its supplemental brief. The affidavit included the acceleration letter Citimortgage sent to Lehner on January 3, 2011. On November 19, 2012, the trial court denied Lehner's motion to vacate. Lehner filed a timely notice of appeal.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY DENYING APPELLANT CATHY
LEHNER'S 60(B) MOTION TO VACATE WITHOUT A HEARING WHEN

APPELLEE'S AFFIDAVIT FILED IN SUPPORT OF SUMMARY JUDGMENT DID NOT STATE THAT AN ACCELERATION NOTICE WAS MAILED, APPELLANT CATHY LEHNER FILED AN ANSWER DENYING ALL CONDITIONS PRECEDENT WERE MET BECAUSE NO ACCELERATION LETTER WAS SENT, APPELLEE'S OPPOSITION DID NOT INCLUDE AN AFFIDAVIT, AND APPELLEE'S SUBSEQUENT FILING OF AN AFFIDAVIT WITH ACCELERATION LETTER PRIOR TO THE NON-ORAL HEARING DID NOT ALLOW APPELLANT TIME TO REFUTE THIS ALLEGATION[.]

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY RELYING ON THE AFFIDAVIT OF GERRY CADY FILED IN SUPPORT OF APPELLEE'S SUPPLEMENTAL BRIEF OPPOSING APPELLANT'S MOTION TO VACATE BECAUSE THE AFFIDAVIT WAS NOT MADE UPON PERSONAL KNOWLEDGE[.]

{¶6} In her first assignment of error, Lehner argues that the trial court erred by denying her motion for relief from judgment under Civ.R. 60(B) because Citimortgage failed to demonstrate that it had complied with a condition precedent upon which Citimortgage bore the initial burden of proof. In her second assignment of error, Lehner argues that the trial court erred by relying on the affidavit of Gerry Cady because the affidavit was not made upon personal knowledge.

{¶7} "A judgment entry ordering a foreclosure sale is a final, appealable order pursuant to R.C. 2505.02(B) if it resolves all remaining issues involved in the foreclosure." *Mtge. Elec. Registration Sys., Inc. v. Green Tree Servicing, LLC*, 9th Dist. Summit No. 23723, 2007-Ohio-6295, ¶ 9.

{¶8} "The decision to grant or deny a motion to vacate pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of discretion." *Kowalski v. Smith*, 9th Dist. Wayne No. 11CA0056, 2012-Ohio-2974, ¶ 9. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶9} Before a trial court can reach the merits of a motion for relief from judgment under Civ.R. 60(B), the court must determine if the motion is properly before the court. The Supreme Court of Ohio has held that a motion for relief from judgment under Civ.R. 60(B) cannot be used as a substitute for a timely appeal. *Key v. Mitchell*, 81 Ohio St.3d 89, 90-91 (1998). This Court has recognized that "it is within the trial court's discretion to deny a motion for relief from judgment that is based entirely upon issues that could have been raised on direct appeal." *Jizco Ents., Inc. v. Hehmeyer*, 9th Dist. Summit No. 24803, 2010-Ohio-349, ¶ 9. "[I]f the grounds for relief cannot satisfy the Civ.R. 60(B) language, the argument is one properly reserved for a direct appeal." *Teamsters Local Union No. 507 v. Nasco Industries, Inc.* 9th Dist. Medina No. 3064-M, 2000 WL 1729481, *2 (Nov. 22, 2000).

{¶10} All claims in this matter were resolved in the final judgment entry on November 1, 2011. Citimortgage raised two issues in its amended complaint. In the first count, Citimortgage alleged that it was the holder of a promissory note, and the balance of $483, 315.42 plus interest was due because of Lehner's default. The second count alleged that the promissory note was secured by a mortgage on the property. The decree of foreclosure addressed both of these issues. The trial court found that Lehner owed Citimortgage $483,315.42. The trial court further found that Lehner executed a mortgage securing the promissory note, and that the conditions in the mortgage were broken, entitling Citimortgage to redemption of the property. Because all claims were resolved, the decree of foreclosure was a final, appealable order. Thus, nothing prevented Lehner from making a direct appeal. Consequently, Lehner cannot raise issues that could have been raised on appeal in her motion filed pursuant to Civ.R. 60(B). "A

motion for relief from judgment is not a substitute for an appeal, and errors which could have been corrected by a timely appeal cannot be the predicate for a Civ.R. 60(B) motion for relief from judgment." *Ward v. Hengle*, 134 Ohio App.3d 347, 350 (9th Dist.1999).

{¶11} Because Lehner could have raised these issues on appeal, her Civ.R. 60(B) motion is an improper substitute for a timely appeal. The failure to demonstrate compliance with a condition precedent could have been raised in opposition to the motion for summary judgment. However, Lehner failed to respond to the motion for summary judgment. After failing to oppose the motion for summary judgment, Lehner failed to file a timely appeal. There were no substantive issues which could not have been raised on appeal. Accordingly, the assignments of error are overruled.

III.

{¶12} Lehner's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

MARC E. DANN, and GRACE DOBERDRUK, Attorneys at Law, for Appellant.

HARRY J. FINKE IV, Attorney at Law, for Appellee.