[Cite as *CitiMortgage, Inc. v. Lehner*, 2016-Ohio-874.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| CITIMORTGAGE, INC. | C.A. No. 14CA0124-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CATHY LEHNER, et al. | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 11CIV0522 |

DECISION AND JOURNAL ENTRY

Dated: March 7, 2016

MOORE, Judge.

{¶1} Defendant Cathy Lehner appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} A portion of the relevant procedural and factual history of this case was set forth in a prior appeal as follows:

> On November 1, 2010, [Ms.] Lehner executed a note for $484,000 in favor of Citi[M]ortgage Inc., for the property located at 6760 Riverstyx Rd. in Montville Township, Medina County, Ohio. The note was secured by a mortgage. [Ms.] Lehner's mortgage was assigned to Citi[M]ortgage on March 21, 2011, by Mortgage Electronic Registration Systems, Inc., as nominee for Citi[M]ortgage. The assignment was recorded on April 5, 2011.
>
> Citi[M]ortgage filed this foreclosure action on March 30, 2011. The named defendants in the complaint [included] Cathy Lehner [and] John Doe, the unknown spouse of Cathy Lehner * * *. Citi[M]ortgage filed an amended complaint, adding Dewayne A. Coltz as a defendant.* * * Subsequently, Citi[M]ortgage moved for summary judgment.
>
> The trial court scheduled [CitiMortgage]'s motion for summary judgment for a non-oral hearing. [Ms.] Lehner did not respond to the motion for summary

judgment. The trial court granted summary judgment and issued a decree of foreclosure on November 1, 2011. * * *

* * * [Ms.] Lehner then filed a Civ. R. 60(B) motion to vacate the judgment. Citi[M]ortgage filed a memorandum in opposition to [Ms.] Lehner's motion. * * * On November 19, 2012, the trial court denied [Ms.] Lehner's motion to vacate. [Ms.] Lehner filed a timely notice of appeal.

*Citimortgage, Inc. v. Lehner*, 9th Dist. Medina No. 12CA0103-M, 2014-Ohio-2859, ¶ 2-5. This Court affirmed the trial court's judgment, holding that Ms. Lehner could not use a Civ.R. 60(B) motion as a substitute for a timely appeal from the 2011 decree. *Id.* at ¶ 11.

{¶3} In 2014, Mr. Coltz moved to vacate the foreclosure decree, arguing, in part, that he was not properly served with the complaint. The trial court vacated the foreclosure decree, concluding that judgment as to Mr. Coltz was void, but the Court specifically held that "[t]he judgments against the other Defendants [we]re unaffected by th[at] decision." Thereafter, CitiMortgage filed a notice of dismissal of its claims against Mr. Coltz pursuant to Civ.R. 41(A)(1)(a). The trial court then entered a new decree of foreclosure ("the 2014 decree") which appears to primarily restate the 2011 foreclosure order, except to the extent that it pertained to Mr. Coltz. The 2014 decree again states that the vacation of the 2011 decree as to Mr. Coltz did not affect the judgments against the other defendants. Ms. Lehner appealed from the 2014 decree, and she now raises two assignments of error for our review. We have consolidated the assignments of error to facilitate our discussion.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT GRANTED A JUDGMENT OF FORECLOSURE TO [] CITIMORTGAGE WHEN THE AFFIDAVIT OF RYAN DAILEY WAS NOT MADE UPON PERSONAL KNOWLEDGE[.]

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY GRANTING A JUDGMENT OF FORECLOSURE WHEN [CITIMORTGAGE] DID NOT DEMONSTRATE COMPLIANCE WITH ALL CONDITIONS PRECEDENT TO FORECLOSURE[.]

{¶4} In her assignments of error, Ms. Lehner presents arguments pertaining to the propriety of the trial court's grant of summary judgment to CitiMortgage on its claims against her. CitiMortgage responds that Ms. Lehner's arguments are barred by res judicata.

{¶5} "Under the doctrine of res judicata, '[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" *State ex rel. Coles v. Granville*, 116 Ohio St.3d 231, 2007-Ohio-6057, ¶ 35, quoting *State ex rel. Denton v. Bedinghaus*, 98 Ohio St.3d 298, 2003-Ohio-861, ¶ 14, quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995), syllabus. Where an argument was or could have been raised in a prior appeal, res judicata bars consideration of that argument in subsequent appeals. *See Michaels v. Michaels*, 9th Dist. Medina No. 12CA0029-M, 2013-Ohio-984, ¶ 20.

{¶6} The 2014 decree appears to set forth the same judgment against Ms. Lehner as did the 2011 decree. *At the time of the* 2011 decree, Ms. Lehner *could have appealed* raising the same arguments that she raises now. She did in fact attempt to raise issues pertaining to summary judgment in her appeal from the trial court's order denying her Civ.R. 60(B) motion. *Lehner* at ¶ 6. This Court specifically noted that the Civ.R. 60(B) motion could not be used as a substitute for her direct appeal from the 2011 decree. *Id.* at ¶ 11.

{¶7} In her reply brief, Ms. Lehner addresses res judicata by maintaining that the trial court's action of vacating the 2011 decree rendered the 2011 summary judgment ruling interlocutory, and thus, the present appeal is effectively her direct appeal from the only final appealable order issued in this case. However, Ms. Lehner provides no legal support for the

proposition that the partial vacation of a final order retroactively negates its finality. *See* App.R. 16(A)(7). Our review indicates that the trial court partially vacated its 2011 judgment on the basis that judgment against Mr. Coltz was void. In a comparable context in criminal cases, the Ohio Supreme Court has held that where a sentencing entry contains an improper post-release control provision, it is partially void. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 26. Although res judicata does not apply to the void portion of a judgment of conviction, it is applicable to non-offending portions of a judgment of conviction. *Id.* at paragraph three of the syllabus. Similarly, here, assuming without deciding that the trial court was correct in its determination that the 2011 decree was void insofar as it pertained to Mr. Coltz, we conclude that a void judgment as to Mr. Coltz does not preclude the application of res judicata to non-offending portions of the 2011 decree, such as the judgment against Ms. Lehner, from which she could have appealed at that time. *See id.* at ¶ 38-39.

{¶8} Accordingly, res judicata applies here because Ms. Lehner could have raised her present arguments in an appeal from the 2011 decree, in which judgment against her was left intact. Having failed to do so, such arguments are barred by res judicata. Ms. Lehner advances no arguments pertinent to the dismissal of Mr. Coltz or the effect of his dismissal on the judgment against her. Therefore, her assignments of error are overruled.

III.

{¶9} Ms. Lehner's assignments of error are overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT


HENSAL, P. J.
SCHAFER, J.
CONCUR.


APPEARANCES:

MARC E. DANN and GRACE M. DOBERDRUK, Attorneys at Law, for Appellant.

HARRY J. FINKE IV, Attorney at Law, for Appellee.