**[Cite as *Deutsche Bank Natl. Trust Co. v. Taylor*, 2018-Ohio-573.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY | C.A. No.     28589 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No.     CV-2007-11-8364 |
| KENNETH S. TAYLOR, et al. | |
| Appellant | |

DECISION AND JOURNAL ENTRY

Dated: February 14, 2018

SCHAFER, Presiding Judge.

**{¶1}**    Defendant-Appellant, Kenneth Taylor, appeals the judgment of the Summit County Court of Common Pleas.  We affirm.

I.

**{¶2}**    This is Taylor's fourth appeal in this matter.

In 2007, Mr. Taylor and his wife defaulted on a promissory note that was secured by a mortgage on property that they owned in Twinsburg.  Deutsche Bank, which had been assigned the note and mortgage, subsequently filed a foreclosure action against the Taylors.  Mr. Taylor counterclaimed, but the trial court granted Deutsche Bank summary judgment on its claims and Mr. Taylor's counterclaims. This Court upheld the award of summary judgment to Deutsche Bank on its claims and most of Mr. Taylor's counterclaims, and any claims that were not resolved by summary judgment have since been dismissed by the trial court.  *See Deutsche Bank Natl. Trust Co. v. Taylor*, 9th Dist. Summit No. 25281, 2011-Ohio-435 [("*Taylor I*")], *Deutsche Bank Natl. Trust Co. v. Taylor*, 9th Dist. Summit No. 26626, 2013-Ohio-4278 [("*Taylor II*")].

On August 21, 2015, Deutsche Bank bought the Taylor's property at a sheriff's sale.  Over Mr. Taylor's objection, the trial court confirmed the sale on December 10, 2015.  Mr. Taylor * * * appealed, assigning ten errors.

*Deutsche Bank Natl. Trust Co. v. Taylor*, 9th Dist. Summit No. 28069, 2016-Ohio-7090, ¶ 2-3 ("*Taylor III*"). This Court affirmed. *Id.* at ¶ 20.

{¶3} On January 18, 2017, the trial court entered an amended confirmation entry of sale and distribution of proceeds nunc pro tunc ("amended confirmation order"). The trial court stated in its journal entry that the amendment was for the sole purpose of correcting the conveyance fee. In response, Taylor filed the following four motions: (1) "Motion Objection to Amended Confirmation Entry of Sale and Distribution of Proceeds Nunc Pro Tunc Order"; (2) "Motion to set Aside Judgment Rule 60 Relief from a Judgement [sic] or Order"; (3) "Motion for Trespass to Try Title to Determine Title to Land in Dispute, Objection to Certificate of Title Change Property Securitization Analysis Report Certified Forensic Loan Audit/Affidavit"; and (4) "Motion to Strike Entry of Appearance of Counsel Chrissy Dunn as Co-Counsel for Plaintiff". The trial court subsequently denied all four motions in an order dated March 2, 2017.

{¶4} Taylor filed this timely appeal, raising three assignments of error for our review.

II.

### Assignment of Error I

**The trial court erred by confirming sale with [an] amended confirmation entry of sale and distribution of proceeds nunc pro tunc order filed 1/18/2017 the order shows a 50cent (sic) price adjustment to divert attention away from the main issues of a case which is the missing 57,000.00 purchase price for sale of subject property that has never been paid, against Taylor[']s objection in a motion filed and denied by trial court judge.**

### Assignment of Error II

**The trial court erred by taking Taylor[']s real property without giving him a hearing in ten years of ligation. Taylor requested a hearing before confirmation of sale which was denied. And again before and after amended confirmation entry of sale and distribution of proceeds nunc pro tunc order filed on 1/18/2017.**

**Assignment of Error III**

**The trial court erred in its entry confirming sale and its amended confirmation entry of sale and distribution of proceeds nunc pro tunc order filed 1/18/2017 and objection to inaccurate certified confirmation to auditor on 1/20/2017 by approving a sale of "the (sic) property against Taylor[']s objections and the rescission of loan.**

{¶5}    In his first and third assignments of error, Taylor contends the trial court erred when it issued the amended confirmation order.  In his second assignment of error, Taylor contends that the trial court erred when it denied him a hearing following his objection to the trial court's issuance of the amended confirmation entry of sale and distribution of proceeds nunc pro tunc order filed on 1/18/2017 and his motion to set aside judgment.

{¶6}    In denying Taylor's motions filed in response to the amended confirmation order, the trial court determined that Taylor's filings asked the court to reconsider its final judgment by raising issues and arguments that had already been rejected by both the trial court and this Court. The trial court determined, therefore, that it was without jurisdiction to consider Taylor's motions.  Further, although Taylor had captioned one his motions as being brought pursuant to Civ.R. 60(B), the trial court determined it could not treat the pleading as a proper motion for relief from judgment because Taylor had not included any argument as to why relief was proper under Civ.R. 60(B).

{¶7}    On appeal, Taylor does not address the trial court's determination that it was without jurisdiction to consider his motions.  Instead, Taylor reiterates a litany of arguments concerning the propriety of the underlying judgments that were or could have been raised in previous appeals.  "Under the doctrine of res judicata, '[a] valid, final judgment rendered on the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'"  *State ex rel. Coles v. Granville*,

116 Ohio St.3d 231, 2007-Ohio-6057, ¶ 35, quoting *State ex rel. Denton v. Bedinghaus*, 98 Ohio St.3d 298, 2003-Ohio-861, ¶ 14, quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995), syllabus. "Where an argument was or could have been raised in a prior appeal, res judicata bars consideration of that argument in subsequent appeals." *CitiMortgage, Inc. v. Lehner*, 9th Dist. Medina No. 14CA0124-M, 2016-Ohio-874, ¶ 5, citing *Michaels v. Michaels*, 9th Dist. Medina No. 12CA0029-M, 2013-Ohio-984, ¶ 20.

{¶8} The Supreme Court of Ohio has recognized that "two judgments are appealable in foreclosure actions: the order of foreclosure and sale and the order of confirmation of sale." *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, ¶ 35.

> The order of foreclosure determines the extent of each lienholder's interest, sets forth the priority of the liens, and determines the other rights and responsibilities of each party in the action. On appeal from the order of foreclosure, the parties may challenge the court's decision to grant the decree of foreclosure. Once the order of foreclosure is final and the appeals process has been completed, all rights and responsibilities of the parties have been determined and can no longer be challenged.

*Id.* at ¶ 39. In this case, the trial court granted summary judgment to Deutsche Bank and issued a judgment entry and decree in foreclosure on February 1, 2010. On appeal, this Court affirmed the grant of summary judgment on Deutsche Bank's foreclosure action, but reversed as to Taylor's counterclaims because Deutsche Bank had not moved for summary judgment on those claims. *See Taylor I*, 2011-Ohio-435. On remand, Deutsche Bank moved for summary judgment on the counterclaims and the trial court granted its motion. Taylor appealed and this Court upheld the award of summary judgment to Deutsche Bank on its claims and most of Taylor's counterclaims. *See Taylor II*, 2013-Ohio-4278. On remand, the trial court dismissed any claims that were not resolved by summary judgment.

{¶9}   On August 21, 2015, Deutsche Bank bought Taylor's property at a sheriff's sale. The trial court confirmed the sale on December 10, 2015.

> The confirmation process is an ancillary one in which the issues present are limited to whether the sale proceedings conformed to law.  Because of this limited nature of the confirmation proceedings, the parties have a limited right to appeal the confirmation.  For example, on appeal of the order confirming the sale, the parties may challenge the confirmation of the sale itself, including computation of the final total owed by the mortgagor, accrued interest, and actual amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance.  The issues appealed from confirmation are wholly distinct from the issues appealed from the order of foreclosure.  In other words, if the parties appeal the confirmation proceedings, they do not get a second bite of the apple, but a first bite of a different fruit.

*Roznowski* at ¶ 40.   In this case, Taylor appealed the confirmation of sale and this Court affirmed.  *See Taylor III*, 2016-Ohio-7090.

{¶10}  Accordingly, res judicata precludes Taylor from raising any arguments on appeal that were or could have been raised in his previous appeals.  Consequently, we conclude that Taylor's present appeal must be limited to the issues arising out of the denial of his motions and we limit our analysis accordingly.

{¶11}  As stated above, the trial court determined that it was without jurisdiction to consider any of Taylor's motions.  Nonetheless, Taylor does not address that determination in any of his assignments of error.  Pursuant to App.R. 16(A)(7), the brief of an appellant shall include "[a]n argument containing the contentions of the appellant * * * and the reasons in support of the contentions[.]"  "Where an appellant fails to develop an argument in support of [its] assignment of error, we will decline to do so for [it]."  *State v. Powell*, 9th Dist. Summit No. 28170, 2017-Ohio-5629, ¶ 22.  "If an argument exists that can support [an] assignment of error,

it is not this [C]ourt's duty to root it out." *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

{¶12} Moreover, a review of Taylor's "Motion to set aside judgment Rule 60. Relief from a Judgment or Order", shows that Taylor did not argue the merits of a Civ.R. 60(B) motion for relief from judgment, but instead raised issues and arguments that were previously rejected by both the trial court and this Court. *See Taylor I*, 2011-Ohio-435; *Taylor II*, 2013-Ohio-4278; *Taylor III*, 2016-Ohio-7090. "It is well established that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal and that the doctrine of res judicata applies to such a motion." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 16. Accordingly, the trial court did not err in denying the motion for relief from judgment on the basis of res judicata.

{¶13} Taylor's assignments of error are overruled.

III.

{¶14} Taylor's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

KENNETH S. TAYLOR, pro se, Appellant.

SHERRIE MIKHAIL MIDAY, Attorney at Law, for Appellee.